UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ENDURANCE AMERICAN SPECIALTY INSURANCE COMPANY,<br><br>             Plaintiff,<br><br>   v.<br><br>CRYSTAL PALACE CONSTRUCTION, LLC and HIGHBURY HOMES, LLC,<br><br>             Defendants. | Case No. C15-02029RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Endurance American Specialty Insurance Company ("Endurance")'s Motion for Reconsideration, Dkt. #14. Endurance moves the Court to reconsider its April 13, 2016, Order granting Highbury Townhomes Owners Association's ("Association") Motion to Intervene, Dkt. #12. Endurance argues that the Court's Order "accepted as fact assertions made by the Association which were untrue or at the very least misleading." Dkt. #14 at 1. Specifically, Endurance argues that the Court relied upon the Association's claim that its proposed settlement in the underlying Superior Court action was "a completed deal," and that actually the proposed settlement in contingent on Superior Court approval. *Id.* at 1-2 ("the proposed settlement agreement makes clear that the entire settlement is contingent upon court approval—a condition precedent"). Endurance states that a hearing to approve the proposed settlement occurred on March 8, 2016, and that the

parties are awaiting a ruling. *Id.* at 2.  Endurance also argues that the Court's Order relied upon assertions of the Association that Defendants Crystal Palace Construction LLC and Highbury Homes LLC ("Defendants") would not be participating or otherwise defending this case, but that these Defendants filed an Answer and counterclaims "just hours after this Court issued its ruling." *Id.* at 2-3 (citing Dkt. #13).  Endurance argues in a footnote that Defendants are pursuing counterclaims against Endurance that are similar to the claims assigned to the Association in the proposed settlement. *Id.* at 5, n.1.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

A motion to intervene as a matter of right pursuant to Rule 24(a)(2) is subject to a four-part test: (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir.2011). "Rule 24 traditionally receives liberal construction in favor of applicants for intervention," and "[c]ourts are guided primarily by practical and equitable considerations." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).

The Court will first address Endurance's argument that the proposed settlement between the Association and Defendants is "not a done deal." The Court finds that Endurance fails to

ORDER DENYING MOTION FOR RECONSIDERATION - 2

cite new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence. The Court's Order acknowledges that the proposed settlement was being reviewed by the Superior Court in a reasonableness hearing. Dkt. #12 at 2. Endurance's current argument that "the proposed settlement agreement makes clear that the entire settlement is contingent upon court approval—a condition precedent" was not explicitly made in Endurance's Response. *See* Dkt. #8. This argument relies not on new facts, but on facts previously known—the language of the proposed settlement agreement—and could have been raised earlier with reasonable diligence. The Court also finds that Endurance has failed to show manifest error. Even if the proposed settlement is not approved by the superior court, Endurance fails to cite any legal authority demonstrating the Court's Order is in error.[1] Even if the Court was misled by briefing from the parties, this does not alone demonstrate that the Association does not have a "significantly protectable" interest relating to the property or transaction which is the subject of the action, and does not address the practical and equitable considerations guiding the Court's prior decision. *See Arakaki, supra,* Dkt. #14.

The Court next addresses the Answer filed by Defendants after the Court's Order. Endurance focuses on how the Association may have misled the Court, but cites no facts or legal authority showing that the Association's interests are adequately represented by the parties to the action. *See* Dkt. #14 at 6. Endurance comes closest to proving this point in its footnote arguing that Defendants are claiming the same rights that were assigned to the Association. However, these Defendants could easily be preserving their claims to these rights *in the alternative*, and the Association's interests and Defendants' interests could easily diverge in litigation. Because this new factual development does not obviously cut off the

---

[1] Instead, Endurance argues that the facts in this case are different from those in *Crosby v. St. Paul Fire and Marine Ins. Co.*, 138 F.R.D 570 (W.D. Wa.1991), where FDIC possessed the kind of rights the Association will obtain upon court approval of the settlement agreement.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

Association's right to intervene, the Court finds that Endurance has failed to demonstrate manifest error.

Defendants neither demonstrate manifest legal error, nor do they present new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Accordingly, Defendants' Motion for Reconsideration, Dkt. #14, is DENIED.

DATED this 18th day of April, 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE